# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **TXDS, INC. , d/b/a TEXAS DONOR SERVICES** § § § § | |
| *Plaintiff*, § § | Case No. _____ |
| v. § § | |
| **ALARIS BIOLOGIC TECHNOLOGIES, INC. f/k/a/ AMNIOLIFE CORPORATION** § § § § | |
| *Defendant*. | |

## ORIGINAL COMPLAINT

Plaintiff TXDS, Inc., dba Texas Donor Services ("TDS") files this Original Complaint for damages against Defendant Alaris Biologic Technologies, Inc f/k/a Amniolife Corporation ("Alaris"), and states as follows:

### I. INTRODUCTION

1. Alaris is a registered corporation out of Delaware and headquartered out of Gainesville, Florida and conducts business in Texas, over the course of 3 years. Defendant purchased services from Plaintiff related to the transporting, screening, collection, preservation, storage, shipping, record-keeping of and for donated human tissue and recovery of human tissues suitable for transplantation or research over the course of three years. Defendant has failed to adhere to the parties' Agreements and has failed to pay the outstanding invoices, despite formal demand being made upon Defendant for $297,280.00.

### II. PARTIES

2. Plaintiff TXDS, Inc., dba Texas Donor Services is a Texas corporation organized under the laws of the State of Texas with its principal place of business in Pearland, Texas.

3. Defendant Alaris is a corporation organized under the laws of the State of Delaware with its principal place of business in Gainesville, Florida and may be served with the complaint through its registered agent, Corporation Services Company located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

### III. JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because, as noted above, complete diversity of citizenship exists between Plaintiff; on the one hand; and Defendant, on the other hand and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Defendant is subject to personal jurisdiction in the State of Texas, and venue is proper in this District under 28 U.S.C. § 1391(a)(2) because the contract at issue was performable in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

### IV. FACTS

6. On or about November 15, 2015 and January 1, 2017, Aminolife Corporation entered into two agreements with TDS entitled "Confidential Tissue Collection Agreement" and "Tissue Supply Agreement" (collectively the "Agreements"). **See the Agreements attached hereto as Exhibit "1".**

7. According to Section 12 of the Confidential Tissue Collection Agreement and Section 3.2 of the Tissue Supply Agreement, Amniolife was obligated to pay TDS "within thirty (30) days of AmnioLife's receipt of invoices for acceptable tissue." The Agreements further stipulate that "any amounts past due shall accrue interest at a rate of the lesser of one and one-half percent (1.5%) per month or the maximum rate allowable by law."

8. After numerous attempts to collect on the outstanding payments, on or about March

19, 2018, TDS sent a formal demand for payment in full for the outstanding invoices.  **See copy of Correspondence to Amniolife/Alaris Biotech attached hereto as Exhibit "2".**

9. Subsequent to the demand, the Alaris agreed via email that there was an outstanding amount due but questioned the amount due.  Plaintiff made a good-faith effort by providing an accounting to which Defendant, however, Defendant never tendered any payment.  **See the Email dated April 25, 2018 attached hereto as Exhibit "3".**

## V.    CLAIMS

### BREACH OF CONTRACT/UNJUST ENRICHMENT

10. TDS incorporates herein the allegations of the above paragraphs.

11. Alaris had contractual duties to perform under the Agreements.

12. Defendant has breached the Agreements by failing to pay outstanding in accordance to the Agreements.

13. As a result of Defendant's unlawful breach of the Agreements, TDS seeks actual and consequential damages caused by Defendant's breach in an amount in excess of $300,000.00.

## VI.    ATTORNEYS FEES

14. Plaintiff is entitled to recover reasonable and necessary attorney fees under

15. *Texas Civil Practice & Remedies Code* Chapter 38 because this is a suit for breach of contract.

16. A reasonable fee for the services rendered and to be rendered in connection with this matter is at least $50,000.00 through the trial court level; an additional $25,000 should this case be appealed to the 5th Circuit Court of Appeals; and an additional $5,000 should a petition for Writ of Certiorari be filed in the Supreme Court; and an additional $20,000 should the Supreme Court grant any such Petition for Review.

## VII. PRAYER FOR RELIEF

WHEREFORE, TXDS, INC., dba Texas Donor Services respectfully requests that the Court enter an order:

1. finding Alaris liable for breach of contract;

2. awarding Plaintiff actual, exemplary and consequential damages in an amount in excess of $300,000.00;

3. awarding attorneys' fees, expenses, and costs of this action; and

4. directing such other relief as the Court deems just and proper.

Respectfully submitted,

**THE KRAUS LAW FIRM**

JASON D. KRAUS

Federal Bar. No. 895467
SBOT#: 24058234
5625 Cypress Creek Parkway, Ste. 308
Houston, Texas 77069
281.781-8677
281.840.5611 Fax
jdk@krausattorneys.com
Attorney-In-Charge for Plaintiff